IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:05CR256-LSC |
| | ) | |
| GREGORY JAMES SHIVER | ) | |

### ORDER

On July 6, 2006 the defendant filed a motion for continuance in this case. Upon consideration of the motion, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Davenport*, 935 F.2d 1223, 1229 (11th Cir. 1991). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the

attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

    An unavoidable conflict has developed which will prevent counsel from representing the defendant on the date presently set for the trial.  Consequently, unless the case is continued as requested by the defendant, he effectively will be deprived of the assistance of the lawyer who has represented him on a retained basis since the beginning of this case.  It is not appropriate under these circumstances to impair the defendant's choice of counsel.  For these reasons, the court finds that the ends of justice served by continuing the trial of this case outweigh the best interest of the public and the defendant in a speedy trial, and it is

    ORDERED that the motion for a continuance is due to be and is hereby GRANTED.  It is further

    ORDERED as follows:

    1. That this case be and is hereby continued for jury selection on and trial during the term beginning on November 27, 2006.

    2. That this case be and is hereby set for a pretrial conference on October 13, 2006, at 1:00 p.m. in Courtroom 4B, United States Courthouse, One Church Street, Montgomery, Alabama.

    3. All applicable deadlines contained in the prior arraignment order and pretrial order are adjusted accordingly; provided, however, that the deadline for the filing of

pretrial, dispositive motions is not extended.

Done this 13th day of July, 2006.


                /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE